United States District Court
Southern District of Texas
**ENTERED**
October 02, 2023
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**MCALLEN DIVISION**

| | | |
|---|---|---|
| RICHARD BUZO | § | |
| (TDCJ # 02231583), | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 7:23-00039 |
| | § | |
| BOBBY LUMPKIN, DIRECTOR, | § | |
| TEXAS DEPARTMENT OF CRIMINAL | § | |
| JUSTICE, CORRECTIONAL | § | |
| INSTITUTIONS DIVISION | § | |
| Respondent. | § | |

## REPORT & RECOMMENDATION

Petitioner, Richard Buzo, a state prisoner proceeding *pro se*, initiated this action in January 2023 by filing a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  (Dkt. No. 1.)  This case was referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636(b) and L.R. 72.  On March 8, 2023, the undersigned ordered the Attorney General of Texas, on behalf of Respondent, to file an answer in compliance with Rule 5 of the Rules Governing § 2254 Cases on or before June 6, 2023; in the same order, the undersigned also set a deadline for Petitioner to reply to Respondent's Answer on or before July 6, 2023, if he chose to do so.  R. Gov. Sec. 2254 Cases 5(e).  (Dkt. No. 3.)  On May 25, 2023, Respondent timely filed an answer with brief in support.  (Dkt. No. 5.)  To date, Petitioner remains silent to Respondent's answer.

In brief summary, Petitioner seeks review of judgement and conviction for aggravated sexual assault of a child (Count One), indecency with a child (Count Two), bodily injury to a child (Count Three and Four), and aggravated assault with a deadly weapon (Count Five) for crimes that

1

occurred in September 2015.  On November 5, 2018, Petitioner pled guilty to the noted allegations and was sentenced to twenty-four years' imprisonment for Count One, Two, and Five; and sentenced to twenty years' imprisonment, for Count Three and Four, to run concurrently. Petitioner seeks review at this stage based on claims of ineffective assistance of trial counsel.

Respondent argues that Petitioner's claims are time-barred from habeas review.

After a careful review of the filings, record, and relevant law, and for reasons set forth below, Petitioner's claims are barred from review by the AEDPA limitation period.  Additionally, one of three claims included in the § 2254 petition, even if timely filed, is procedurally defaulted from federal review.  Therefore, the undersigned recommends that Petitioner's § 2254 petition (Dkt. No. 1) be **DENIED** and this case should be **DISMISSED** with prejudice and closed out.

Finally, it is further recommended that the District Court **DECLINE** to issue a Certificate of Appealability in this matter.

## BACKGROUND

### I.  Criminal Prosecution and State Habeas Proceedings

#### a.  Conviction and Sentence

In July 2017, Petitioner was indicted by grand jury for Hidalgo County, Texas on various charges of aggravated sexual assault, indecency with a child by sexual contact, injury to a child, aggravated assault, unlawful restraint, and continuous sexual abuse of a child.  (Dkt. No. 6-2 at 22-27.)[1]  Each allegation included an enhancement notice that prior to the commission of said offense, Petitioner had been convicted of the felony offense of robbery on May 31, 2002, out of the 93rd District Court, Hidalgo County, Texas.  (*Id.*)  On November 5, 2018, in the 93rd District

---

[1] Respondent has filed state record along with its response.  Citations will be in reference to the docket filing and assigned CM/ECF page numbers to the relevant docket entries.

Court of Hidalgo County, Texas, Petitioner pled guilty before the Honorable Judge Linda Yanez, and was convicted for the following five counts:   Aggravated sexual assault to a child in violation of Texas Penal Code § 22.021(a)(2)(B) (Count One); indecency with a child in violation of § 21.11(a)(1) (Count Two); bodily injury to a child in violation of § 22.04(f) (Count Three and Four); and aggravated assault with a deadly weapon in violation of § 22.02 (Count Five).[2]   (Dkt. No. 6-2 at 29-43.)   As to each Count, Petitioner pled true to the enhancement allegation that said offenses were committed after Petitioner had been convicted for the felony offense of robbery from 2002. *See id.*   The trial court subsequently sentenced Petitioner to twenty-four years' imprisonment for aggravated sexual assault to a child (Count One), indecency with a child (Count Two), and aggravated assault with a deadly weapon (Count Five), and sentenced Petitioner to twenty years' imprisonment for bodily injury to a child (Counts Three, Four), to run concurrently with each other.

Petitioner did not file an appeal.   (Dkt. No. 1 at 3.)   Petitioner's time for filing a notice of appeal expired on December 5, 2018.   Tex. R. App. P. 26.2(a)(1).

**b.   State Habeas Petition**

On March 14, 2022, over three years after his conviction, Petitioner applied for a writ of state habeas petition along with an affidavit in support in the Texas Court of Criminal Appeal. (Dkt. No. 6-2 at 47-67, 68-70.)   On August 23, 2022, Petitioner submitted an amended application and memorandum of law in support (Dkt. No. 6-2 at 73-92, 93-101), wherein Petitioner sought

---

[2] Petitioner was indicted by the Grand Jury for ten counts.   Besides the five counts listed here, Petitioner was also charged with: Continuous sexual abuse with a child (Count Six) and unlawful restraint of a child (Count Seven, Eight, Nine and Ten).   Counts Six through Ten were dismissed as part of plea agreement with the State.

relief on two grounds of ineffective assistance of counsel: (1) failure to advise the benefits of jury trial and (2) failure to advocate and argue an insanity defense on Plaintiff's behalf.

In a timely response, the State, by and through the Criminal District Attorney of Hidalgo County, argued that Petitioner's claims were unsupported and failed to pass the *Strickland* test. *Strickland v. Washington*, 466 U.S. 668 (1984).   The State argued Petitioner failed his burden to provide what facts additional investigation would have discovered to support his claim of insanity defense at trial, as well as how the facts would have benefited his alleged defense.   Notably, for the charge of continuous sexual abuse of a minor (Count Six), Petitioner failed to explain how his "temporary insanity" at the time of crime would have assisted his alleged defense to "continuous" offenses.   (Dkt. No. 6-2 at 108.)   The State further argued that Petitioner could not be prejudiced by Trial Counsel's alleged ineffectiveness because a reasonable person would take the presented plea offer under the circumstance.   Specifically, Petitioner agreed to sentences of 24 years for the most serious offenses in exchange for dismissal of Count Six, among other charges; while Count Six carries a minimum of 25 years without parole.   *See* Dkt. No. 6-2 at 109; *see also* Tex. Penal Code §21.02(h).   Therefore, Trial Counsel did not erroneously advise him to accept such plea offer instead of trying by jury.

On September 27, 2022, the 93rd District Court of Hidalgo County, Texas issued *Findings of Facts, Conclusions of Law, Recommendation and Order* (Dkt. No. 6-2 at 112-19), recommending that Petitioner's application for a writ of habeas corpus be denied.   Subsequently, the clerk of said court timely certified and transmitted to Court of Criminal Appeals of Texas a copy of Petitioner's application, State's response, and such findings.

On November 9, 2022, the Texas Court of Criminal Appeals denied Petitioner's application for state habeas petition without written order on findings of trial court without hearing and on the court's independent review of the record. (Dkt. No. 6-1.)

## II.    28 U.S.C. § 2254 Habeas Petition

On January 30, 2023, Petitioner filed the present petition for a writ of habeas corpus pursuant to 28 U.S.C § 2254.[3] *See* Dkt. No. 1. Therein, Petitioner asserts three claims of ineffective assistance of counsel against Eric S. Jarvis ("Trial Counsel").[4] First, Petitioner claims that Trial Counsel was ineffective because Trial Counsel erroneously advised him to reject a jury trial and coerced him to plead guilty. Second, Petitioner claims that Trial Counsel was ineffective in failing to raise insanity defense. Third, Petitioner claims Trial Counsel was ineffective because he was prejudiced by Trial Counsel's personal bias towards his innocence.[5] (Dkt. No. 1 at 6-8.)

## APPLICABLE LAW

## I.    Summary Judgment Review

Summary judgment is appropriate if the pleadings and evidence show that there is no genuine issue as to any material fact, and the movant is entitled to judgment as a matter of law.

---

[3] *Pro se* prisoner's pleadings and submission are subject to what is known as the "mail-box" rule which holds that a pleading is "filed" as of the date the prisoner certifies that he has placed it in the prison mail system in an envelope that is properly addressed to the court. *Houston v. Lack*, 487 U.S. 266, 270-71 (1988); *see also* Dkt. No.1 at 18-19.

[4] Petitioner claims that Mr. Jarvis was his defense attorney during trial, and a Mr. Salines was a "substitute defense attorney" for him. *See* Dkt. No. 1 at 6-7. However, state records show Mr. Jarvis as Petitioner's attorney while Mr. Salines's name is nowhere to be found within the record. *See* Dkt. No. 6-2 at 29-43.

[5] Within four corners of Petitioner's § 2254 motion, Petitioner wrote down all his claims under "GROUND ONE." After a careful review, Petitioner actually included three claims of ineffective assistance of counsel in his § 2254 motion, as enumerated here. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (noting that a *pro se* complaint is held "to less stringent standards than formal pleadings drafted by lawyers"); *see also Black v. Davis*, 902 F.3d 541, 546 (5th Cir. 2018) ("Liberal construction of a prisoner's Section 2254 application also means that 'the substance of the relief sought by a *pro se* pleading [controls], not the label that the petitioner has attached to it." (citing *Hernandez v. Thaler*, 630 F.3d 420, 426 (5th Cir. 2011))).

Fed. R. Civ. P. 56(a). Once the movant for summary judgment presents "a properly supported motion for summary judgment, the burden shifts to the nonmoving party to show with 'significant probative evidence' that there exists a genuine issue of material fact." *Hamilton v. Segue Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000) (internal citation omitted). A district court must construe disputed facts in a light favorable to the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). In the context of habeas petitions, the Federal Rules of Civil Procedure apply to the extent that they are not inconsistent with Rules Governing Section 2254 Cases. R. Gov. Sec. 2254 Cases 12; *see also* Fed. R. Civ. P. 81(a)(4) (referencing the applicability of the Federal Rules of Civil Procedure to the Rules Governing Section 2254 Cases). Therefore, these claims are reviewed pursuant to Fed. R. Civ. P. 56(a) unless there is a conflict with Federal Rules Governing § 2254 Cases.

## II. 28 U.S.C. § 2254

An application for a writ of habeas corpus by a person in custody under the judgment of a state court can only be granted on grounds that he is in custody in violation of the Constitution or laws of the United States. 28 U.S.C. § 2254(a). Federal habeas proceedings must honor the "presumption of finality and legality [that] attaches to [a petitioner's] conviction and sentence." *Barefoot v. Estelle*, 463 U.S. 880, 887 (1983). Relief, therefore, is not available for any claim decided on the merits in the state court proceedings unless the state court's adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). And the petition must be timely filed.

**a.   AEDPA's Statute of Limitation under 28 U.S.C. § 2244(d)(1)**

Section 2254 contains procedural hurdles set up by Congress, which a petitioner must overcome before said federal review is permissible.   The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA)[6] establishes a one-year period of limitation for filing federal habeas corpus petitions by persons in custody pursuant to the judgment of a state court, which is codified in 28 U.S.C. § 2244(d)(1).

Section 2244(d)(1) provides:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.   The limitation period shall run from the latest of—

   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

For purposes of 28 U.S.C. § 2244(d)(1)(A), a state conviction becomes "final" when there is no further "'availability of direct appeal to the state court.'"   *Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009) (quoting *Caspari v. Bohlen*, 510 U.S. 383, 390 (1994)).   For petitioners who seek

---

[6] Pub. L. No. 104-132, 110 Stat. 1214 (1996).

direct review all the way to the Supreme Court, the judgment becomes final when the conviction is affirmed on the merits or the petition for certiorari is denied. *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012). For other petitioners, the judgment becomes final when the time for seeking direct review of lower court's judgment expires. *Id.* If a state court grants the right to file an out-of-time direct appeal, it will reset the date when a conviction becomes "final" under 28 U.S.C. § 2244(d)(1)(A). *Jimenez*, 555 U.S. at 121.

To invoke statutory tolling under § 2244(d)(1)(B), circuit law differs about what constitutes a true state-created impediment, with most concluding that whether a state-created impediment prevented a prisoner form filing a timely petition is a fact-intensive inquiry. *Earl v. Fabian*, 566 F.3d 717, 726-27 (8th Cir. 2009); *Whalem/Hunt v. Early*, 233 F.3d 1146, 1148 (9th Cir. 2000). The Fifth Circuit held that, to seek relief pursuant to 28 U.S.C. § 2244(d)(1)(B), a prisoner must show that: (1) he was subject to state action (2) that violated the Constitution or federal law and (3) prevented him from filing a timely petition. *Egerton v. Cockrell*, 334 F.3d 433, 436 (5th Cir. 2003).

To benefit from the extension of limitation period under 28 U.S.C. § 2244(d)(1)(C), the petitioner must show his claim for relief depends on a constitutional right that has been newly recognized by the Supreme Court, provided that the right has been made retroactively applicable to cases on collateral review. Typically, the petitioner may not include claims that were previously available for review. The new limitation period begins to run on the date the Supreme Court initially recognized the right asserted. *Dodd v. United States*, 545 U.S. 353, 357-58 (2005).

Section 2244(d)(1)(D) provides another avenue for limitation period extension when "the factual predicate" underlying petitioner's claim could have not been discovered through the exercise of due diligence. The new limitation period may start to run on the date a petitioner is

on notice of the facts which would support a claim, not the date on which the petitioner has in his possession evidence to support his claim.   *Osborne v. Hall*, 934 F.3d 428, 432-33 (5th Cir. 2019).

### b.   Statutory Tolling per 28 U.S.C. § 2244(d)(2)

A state prisoner may be entitled to statutory tolling under 28 U.S.C. § 2244(d)(2), which provides that "[t]he time during which a properly filed application for state habeas corpus or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward the limitation period."   A state habeas petition or application for other collateral review is "*properly* filed" for the purpose of § 2244(d)(2) "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings."   *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (emphasis in original).   Federal habeas corpus proceedings do not qualify as "state" habeas or other collateral review for the purpose of § 2244(d)(2).   *See Richards v. Thaler*, 710 F.3d 573, 576 (5th Cir. 2013) (citing *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000)).

### c.   Equitable Tolling

It is well-established that if no statutory provision is available to extend or toll the limitation period, a petitioner may request an exception for equitable reasons since statute of limitations are not considered a jurisdictional requirement for habeas review.   *Holland v. Florida*, 560 U.S. 631, 645-49 (2010).   The Supreme Court has clarified that a "'[habeas] petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing."   *Id.* at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).   Regarding the "pursuing his rights diligently" requirement, a petitioner must demonstrate "'reasonable diligence,' not 'maximum feasible diligence.'"   *Jones v. Stephens*, 541 F. App'x 499, 503 (5th Cir. 2013) (quoting *Holland*,

560 U.S. at 653).   "[N]either excusable neglect or ignorance of the law is sufficient to justify

equitable tolling."   *Id.* at 503 (quoting *Fierro v. Cockrell*, 294 F.3d 674, 682 (5th Cir. 2002)).

Further, equitable tolling "is not intended for those who sleep on their rights."   *Manning

v. Epps*, 688 F.3d 177, 183 (5th Cir. 2012) (internal citation omitted).   "Long delays in receiving

notice of state court action may warrant equitable tolling."   *Hardy v. Quarterman*, 577 F.3d 596,

598 (5th Cir. 2009).   But, to warrant equitable tolling based on delayed notice, the petitioner must

show that he pursued relief from his conviction "with diligence and alacrity *both before and after*

*receiving notification*."   *Id.* (internal quotation marks and citation omitted) (emphasis added).

Notably, "equitable tolling is only available in 'rare and exceptional circumstances.'"   *Jackson v.

Davis*, 933 F.3d 408, 410 (5th Cir. 2019) (quoting *Hardy*, 577 F.3d at 598).   However, "[a]s a

discretionary doctrine that turns on the facts and circumstances of a particular case, equitable

tolling does not lend itself to bright-line rules, [and the court] draw[s] on general principles to

guide when equitable tolling is appropriate."   *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir.

1999).

### d.   Exhaustion Requirement

As a policy of federal-state comity, Congress set up a procedure hurdle concerning

exhaustion requirement that a petitioner must also overcome before federal review is permissible.

Section 2254(b)(1) states,

(b)(1) An application for a writ of habeas corpus on behalf of a person in custody
pursuant to the judgment of a State court shall not be granted unless it appears that

> (A) the applicant has exhausted the remedies available in the courts of
> the State; or

> (B) (i) there is an absence of available State corrective process; or (ii)
> circumstances exist that render such process ineffective to protect
> the rights of the applicant.

28 U.S.C. § 2254(b)(1).

Congress set out this procedure hurdle within request for a federal habeas petition because federal habeas proceedings must honor the "presumption of finality and legality [that] attaches to [a petitioner's] conviction and sentence." *Barefoot*, 463 U.S. at 887. "Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court. In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); *see also* 28 U.S.C. § 2254(b)(1)(A), (c). This exhaustion requirement "is grounded in principals of comity and reflects a desire to protect the state courts' role in the enforcement of federal law." *Castille v. Peoples*, 489 U.S. 346, 349 (1989) (quotation marks and citations omitted); *see also McGowen v. Thaler*, 717 F. Supp. 2d 626, 637 (S.D. Tex. 2010). The rule has been "[c]odified since 1948 in 28 U.S.C. § 2254" and "while not a jurisdictional requirement [the rule] creates a strong presumption in favor of requiring the prisoner to pursue his available state remedies." *Castille*, 489 U.S. at 349 (internal quotation marks, internal citations, and footnote omitted). When a petitioner has properly raised a federal constitutional claim before the state courts, "and the state courts have adjudicated their merits, AEDPA provides for a deferential federal review." *Ramey v. Davis*, 314 F. Supp. 3d 785, 802 (S.D. Tex. 2018).

If a petitioner fails to adequately set forth the claim for review before the state courts, said petitioner has not exhausted his state remedies and is precluded from bringing forth the claim for the first time in federal court. *See* 28 U.S.C. § 2254(b)(1). Similarly, if the claim is reviewed but the state court rejects the claim on procedural grounds, the claim is also barred from federal habeas review. *Harrington v. Richter*, 562 U.S. 86, 103 (2011). However, the federal bar from

review in each instance can be set aside if the petitioner can establish "cause" for the noted default

and "actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure

to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*,

501 U.S. 722, 750 (1991).

**ANALYSIS**

**I.      Statute of Limitations and Tolling**

    **a.   Statute of Limitation § 2244(d)(1)**

The one-year limitation period runs from the "date on which the judgment became final by

the conclusion of direct review or the expiration for the time for seeking such review." 28 U.S.C.

§ 2244(d)(1)(A).

To decide whether Petitioner's § 2254 petition is timely, the first inquiry should go to the

date of final judgment.   "[D]irect review cannot conclude for purposes of § 2244(d)(1)(A) until

the availability of direct appeal to the state courts, and to [the Supreme] Court, has been exhausted.

Until that time, the process of direct review has not come to an end and a presumption of finality

and legality cannot yet have attached to the conviction and sentence." *Jimenez*, 555 U.S. at 119-

20 (internal citation omitted).   If the conviction does not become final by the conclusion of direct

review, it becomes final by "the expiration of the time for seeking such review."   28 U.S.C. §

2244(d)(1)(A).   The Fifth Circuit has held that "a state prisoner's conviction becomes final for

purposes of § 2244 ninety days after judgment is entered, when the time to file a petition for writ

of certiorari with the Supreme Court has expired." *Roberts v. Cockrell*, 319 F.3d 690, 693 (5th

Cir. 2003) (citations omitted).   However, if the defendant stops the appeal process before that

point, the conviction becomes final when the time for seeking further direct review in the state

court expires.  *See id.* at 694-95 (holding that state petitioner's limitation period began to run when the thirty-day period for filing a petition for discretionary review in state court ended).

In the present action, Petitioner was sentenced on November 5, 2018.  (Dkt. No. 6-2, at 29-43.)  In a criminal case like this one, a defendant has the right to appeal, and the appeal is perfected by filing a sufficient notice of appeal within 30 days after the day sentence is imposed. Tex. R. App. P. 25.2 (a), (b); 26.2(a)(1).  Petitioner could have filed a notice of appeal on or before December 5, 2018.  He failed to do so.  Accordingly, Petitioner's judgment became final by the expiration of the time for seeking direct review – 30 days after sentencing.  *See Barnes v. Mossburger*, No. 3:15-CV-4021-D (BH), 2018 WL 1449398, at *3 (N.D. Tex. Feb. 16, 2018) ("[I]n a case in which there was a waiver of appeal and no appeal was filed, the judgment becomes final at the expiration of the thirty-day period for filing a notice of appeal under Tex. R. App. P. 26.2(a)(1).").  Thus, Petitioner's limitation period for federal habeas review under § 2254 began to run on December 5, 2018.  One year later, on December 5, 2019, the limitation period expired for the purposes of filing a federal habeas petition pursuant to 28 U.S.C. § 2244(d)(1)(A). *Jimenez*, 555 U.S. at 119-20; *see also Roberts*, 319 F.3d at 694.  On January 30, 2023, over three years after the expiration of the limitation period, Petitioner initiated a habeas corpus petition pursuant to 28 U.S.C. § 2254, which is untimely and subject his petition to a dismissal.

Petitioner contends that his filing is timely "since the last state post-conviction application habeas corpus … became final about less than a year ago."[7]  *See* Dkt. No. 1 at 16.  This

---

[7] On November 9, 2022, the Texas Court of Criminal Appeals denied Petitioner's application for state habeas petition without written order on findings of trial court without hearing and on the court's independent review of the record. (Dkt. No. 6-1.)  On January 30, 2023, Petitioner filed a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  (Dkt. No. 1 at 18.)  In Petitioner's theory, his deadline for filing a § 2254 petition should be November 9, 2023, one year after the Texas Court of Criminal Appeals decided on his state habeas petition.  Accordingly, Petitioner submits that his January 30, 2023, filing is timely

contention is incorrect.   Petitioner misinterprets "the judgment became final" under § 2244(d)(1)(A).

The language of § 2244(d)(1)(A) provides that a decision becomes final "by the conclusion of direct review or the expiration of the time for seeking such review."   Here, Petitioner takes "application for a writ of habeas corpus" as "direct review."   However, "application for a writ of habeas corpus" and "direct review" are two distinguished avenues.   A habeas corpus petition filed to attack a criminal conviction is referred to as "collateral review," as opposed to direct review by way of appeal.   *Wall v. Kholi*, 562 U.S. 545, 560 (2011).   Collateral review is not part of direct review.   *See id.* ("We thus define 'collateral review' according to its ordinary meaning: It refers to judicial review that occurs in a proceeding outside of the direct review process.")   For Petitioner's state habeas petition, Court of Criminal Appeals of Texas has held that habeas corpus is extraordinary remedy that should not be used as substitute for an appeal.   *Ex parte Groves*, 571 S.W.2d 888, 890 (Tex. Crim. App. 1978).   Section § 2244(d)(1)(A) explicitly states that the finality of judgment depends on the "conclusion of direct review, or "the expiration of the time for seeking such review," not those of collateral review such as application for a writ of habeas.   28 U.S.C. § 2244(d)(1)(A).

Here, Petitioner did not initiate appeal process when he received his sentence.   His time to file a notice of appeal elapsed before he could timely seek a "direct review."   Thus, in his case, the judgment became final by "the expiration of the time for seeking such review," which fell on December 5, 2018, thirty days after the conviction judgment on November 5, 2018.   28 U.S.C. § 2244(d)(1)(A); Tex. R. App. P. 26.2(a)(1); *see also* Dkt. No. 6-2, at 29-43.

---

filed.   *See* Dkt. No. 1 at 16 ("This application is [t]imeliness since the last state post-conviction application habeas corpus … became final about less than a year ago.")

Additionally, Petitioner does not qualify for limitation period extension under § 2244(d)(1)(B)-(D). None of the statutory extension applies because Petitioner does not allege a state-created impediment, Petitioner's claims do not involve a newly recognized constitutional right by the Supreme Court, and Petitioner does not claim a newly discovered "factual predicate." Therefore, Petitioner's time to file a § 2254 habeas motion expired on December 5, 2019.

The present petition is barred from review by AEDPA's limitation period.

**b. Statutory Tolling under 28 U.S.C. § 2244(d)(2)**

On March 14, 2022, Petitioner applied for a writ for habeas corpus seeking relief from his conviction judgment on November 5, 2018, in Court of Criminal Appeals of Texas.[8] (Dkt. No. 6-2 at 47-67.) In his pending § 2254 petition, Petitioner did not raise the argument of statutory tolling under 28 U.S.C. § 2244(d)(2). However, based on the fact that Petitioner filed an application for state post-conviction relief, the Report hereby briefly addresses why Petitioner's state habeas application does not toll the one-year limitation period for § 2254 petition.

Pursuant to section 2244(d)(2), the one-year limitation period is tolled during the time in which "a properly filed application for State post-conviction or other collateral review … is pending." 28 U.S.C. § 2244(d)(2). It is well established that, if a state prisoner properly filed an application for state post-conviction or other collateral review with respect to the pertinent judgment before AEDPA's one-year limitation expires, said application tolls the one-year limitation for purpose of filing federal habeas petition. *Wall*, 562 U.S. at 549.

As discussed above, Petitioner's limitation period for filing § 2254 petition expired on December 5, 2019. When Petitioner filed an application for a writ of habeas corpus on March 14,

---

[8] Petitioner subsequently amended his application on August 23, 2022. (Dkt. No. 6-2 at 73-92.) For the purpose of discussing statutory tolling under 28 U.S.C. § 2244(d)(2), the Report focuses on the initial application date.

2022, the period between the finality of his judgment and this filing date had already exceeded one year.   In other words, the one-year period to file a federal habeas petition had expired before Petitioner began the state court proceedings.   Thus, Petitioner's state filings cannot toll the one-year limitation period.   *See Scott*, 227 F.3d at 263 (holding that the "state habeas application did not toll the limitation period under § 2244(d)(2) because it was not filed until *after* the period of limitation had expired" (emphasis in original)); *see also Flores v. Quarterman*, 467 F.3d 484 (5th Cir. 2006) (holding that Flores's state habeas application did not toll the federal one-year statute of limitations because Flores did not file his state application more than one year after his sentence became final and almost two months after the statute of limitations expires).   Therefore, Petitioner's § 2254 petition is not subject to statutory tolling.

    **c.  Equitable Tolling**

A statute of limitation could be equitably tolled only in "rare and exceptional circumstances."   *See Fisher*, 174 F.3d at 713 (asserting that courts must examine the facts on a case-to-case basis to determine whether it presents sufficiently "rare and exceptional circumstances" to justify equitable tolling).   A petitioner bears the burden to prove he is entitled to equitable tolling.   *Holland*, 560 U.S. at 649.   A petitioner is entitled to equitable tolling of AEDPA's one-year limitation only if he shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing."   *Id.* (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

Here, Petitioner failed to show both prongs.   First, Petitioner waited for over three years to initiate his federal habeas petition.   When Petitioner did so after a long delay, he did not raise an argument about his entitlement to equitable tolling for a § 2254 filing at all.   Petitioner's action to pursue his right was nowhere close to "diligent."   *See Fisher*, 174 F.3d at 715 ("[E]quity is no

intended for those who sleep on their right.") (quoting *Covey v. Arkansas River Co.*, 865 F.2d 660, 662 (5th Cir. 1989)).   Petitioner has thus failed to argue or demonstrate that he is a proper candidate for the benefits of equity by establishing that he has diligently pursued his claims.

Second, no facts in the § 2254 petition indicates a "rare and exceptional" circumstance to justify equitable relief in Petitioner's case.   The Fifth Circuit has held the fact that a petitioner is an inmate proceeding *pro se*, by itself, does not present an extraordinary circumstance justifying equitable tolling.   Proceeding *pro se* is not a "rare and exceptional" circumstance because it is typical of those who bring a § 2254 claim.   *Felder v. Johnson*, 204 F.3d 168, 171 (2000).   *Cf. United Sates v. Flores*, 981 F.2d 231, 236 (5th Cir. 1993) (holding *that pro se* litigant's illiteracy, deafness, and lack of legal training are not external factors excusing abuse of writ, or alternatively, providing "cause" for failure to address issues in first habeas petition).   Thus, Petitioner also fails the "rare and exceptional circumstance" requirement.

Therefore, no claims or facts are found to have been established to justify Petitioner's entitlement to equitably toll the AEDPA's limitation period after a careful review of the filings, the record, and relevant law.   And, for the reasons above, Petitioner's § 2254 filing should be dismissed with prejudice because it is time-barred from review and consideration.

## II.   Exhaustion of State Courts Remedies

Before we address section 2254's exhaustion requirement, we have to emphasize that the court "must dismiss the petition" if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court.   R. Gov. Sec. 2254 Cases 4.   As discussed above, untimeliness warrants a dismissal of Petitioner's § 2254 filing.

In those cases with a timely filed § 2254 petition, petitioners still need to cross the procedural hurdle of exhaustion requirement.   28 U.S.C. § 2254(b)(1).   Reviewing Petitioner's

three claims set out in § 2254 petition, even if timely filed, the claim that Trial Counsel was ineffective because he was prejudiced by Trial Counsel's personal bias towards his innocence would not survive procedural default pursuant to 28 U.S.C. § 2254(b)(1).

Before a state prisoner, like Petitioner here, seeks a federal writ of habeas corpus, he must exhaust available state remedies.   28 U.S.C. § 2254(b)(1).   To satisfy the exhaustion-of-state-remedies requirement, Petitioner must fairly present his claim to state courts to provide the state an "'opportunity to pass upon and correct' alleged violations of its prisoners' federal right." *Duncan v. Henry*, 513 U.S. 364, 364-65 (1995) (per curiam) (quoting *Picard v. Connor*, 404 U.S. 270, 275).   Comity dictates that when a state prisoner alleges his conviction and imprisonment violates federal law, the state courts should have the first opportunity to review this claim because state courts, like federal courts, are obliged to enforce federal law.   *O'Sullivan*, 526 U.S. at 844.

As outlined above, Petitioner, in his amended application for state habeas corpus writ, asserts only two claims of ineffective assistance of counsel.   First, Trial Counsel's assistance was ineffective because Trial Counsel erroneously advised him to reject a jury trial and coerced him to plead guilty.   Second, Trial Counsel's performance was ineffective in failing to raise insanity defense.   *See* Dkt. No. 6-2, at 73-92.   Petitioner now presents these two claims in the federal court.   *See* Dkt. No. 1 at 6, 8.   However, Petitioner raises another new claim in his § 2254 petition, which was not brought up in the state proceedings.   He now additionally claims that Trial Counsel was ineffective because he was prejudiced by Trial Counsel's personal bias towards his innocence. (Dkt. No. 1 at 7.)   Because Petitioner has not given state courts a fair opportunity to act on said claim before he presents it to a federal court, said new claim fails the exhaustion requirement pursuant to § 2254(b)(1).   This failure bars this Court from review of said claim, even if the petition is considered timely filed.

In the present case, if Petitioner were to return to state court to attempt to exhaust said claim, Texas law would nevertheless preclude the state court from hearing this additional claim. Texas law does not permit successive application for writ of habeas corpus unless an applicant establishes extraordinary circumstances. *See* Tex. Code Crim. Proc. art. 11.07 § 4.[9]  Petitioner had his opportunity to file all his claims in his first state habeas petition, but he failed to do so. Nowhere on the record shows he set out good cause for his failure.  Because Petitioner fails to establish his would-be successive petition falls into any of the narrow statutory exception, the said claim would be prohibited from state review and remains unexhausted.  *See Neville v. Drekte*, 423 F.3d 474, 480 (5th Cir. 2005) (holding that the unexhausted claims have been procedurally defaulted since they cannot be raised in Texas state court).   Therefore, Petitioner's said new claim is procedurally defaulted from federal habeas review.  *See Coleman*, 501 U.S. 722 at 735 n.1 (noting that a procedural default occurs when a § 2254 petitioner fails to exhaust available state remedies and the state court "to which the petitioner would be required to present his claims to

---

[9] Section 4 of art 11.07 of Texas Code of Criminal Procedure provides the following:

    (a) If a subsequent application for writ of habeas corpus is filed after final disposition of an initial application challenging the same conviction, a court may not consider the merits of or grant relief based on the subsequent application unless the application contains sufficient specific facts establishing that: (1) the current claims and issues have not been and could not have been presented previously in an original application or in a previously considered application filed under this article because the factual or legal basis for the claim was unavailable on the date the applicant filed the previous application; or (2) by a preponderance of the evidence, but for a violation of the United States Constitution no rational juror could have found the applicant guilty beyond a reasonable doubt.

    (b) For purposes of Subsection (a)(1), a legal basis of a claim is unavailable on or before a date described by Subsection (a)(1) if the legal basis was not recognized by and could not have been reasonably formulated from a final decision of the United States Supreme Court, a court of appeals of the United States, or a court of appellate jurisdiction of this state on or before that date.

    (c) For purposes of Subsection (a)(1), a factual basis of a claim is unavailable on or before a date described by Subsection (a)(1) if the factual basis was not ascertainable through the exercise of reasonable diligence on or before that date.

19

meet the exhaustion requirement would now find the claims procedurally barred" under relevant state law).

## CONCLUSION

### *Recommended Disposition*

After a careful review of the record and relevant law, Petitioner's claims are barred by the relevant statute of limitation and are not subject to equitable tolling or a demonstrative claim that failure to consider the underlying claims will result in a fundamental miscarriage of justice.

Therefore, the undersigned recommends that Petitioner's § 2254 petition (Dkt. No. 1) be **DENIED**, and this habeas case should be **DISMISSED** with prejudice and closed out.

### *Certificate of Appealability*

It is recommended that the District Court deny a Certificate of Appealability.   Petitioner may not appeal the final order of a habeas corpus proceeding "unless the circuit justice or judge issues a certificate of appealability."   28 U.S.C. § 2253(c)(1)(A).   The § 2254 rules instruct that the District Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."   R. Gov. Sec. 2254 Cases 11.   Because the undersigned recommends the dismissal of Petitioner's § 2254 action, it is necessary to address whether Petitioner is entitled to a certificate of appealability ("COA").

A COA "may issue … only if the applicant has made a substantial showing of the denial of a constitutional right."   28 U.S.C. § 2253(c)(2).   "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).   When a claim is denied on the merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see*

*also United States v. Jones*, 287 F.3d 325, 329 (5th Cir. 2002).   A petitioner may satisfy this requirement by showing, in the alternative, that "jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."   *Miller-El*, 537 U.S. at 327; *Jones*, 287 F.3d at 329.   "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the [petitioner] shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."   *Slack*, 529 U.S. at 484.

Here, because none of the statutory exemptions to the one-year limitation applies to Petitioner, equitable tolling is inapplicable, and Petitioner did not establish a miscarriage of justice warranting review of the petition, reasonable jurists would not find it debatable that Petitioner has failed to set forth a valid claim of denial of a constitutional right or that the court was incorrect in its procedural ruling as to each of the claims being time-barred from habeas review.

Therefore, it is recommended that the District Court deny a COA.

### Notice to the Parties

Within 14 days after being served a copy of this report, a party may serve and file specific, written objections to the proposed recommendations.   28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b).   Failure to file written objections to the proposed findings and recommendations contained in this report within 14 days after service shall bar an aggrieved party from *de novo* review by the District Court of the proposed findings and recommendations and from appellate review of factual findings and legal conclusions accepted or adopted by the District Court, except on grounds of plain error.   *See Douglas v. United Serv. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc) *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1).

The Clerk shall send a copy of this Order to Petitioner and counsel for Respondent.

**DONE** at McAllen, Texas, this 2nd day of October 2023.

_____
Juan F. Alanis
United States Magistrate Judge